# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERALD CHAMPAGNE, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 10-2745** |
| **SENTRY SELECT INS. CO., ET AL.** | **SECTION "K"(1)** |

## ORDER AND REASONS

Before the Court is a Motion in Limine to Exclude Evidence and/or Testimony with respect to Gerald Champagne having a valid driver's license (Doc. 24) and a Motion in Limine to Exclude Evidence and/or Testimony with respect to Gerald Champagne's criminal record (Doc. 32) both filed by plaintiffs Gerald Champagne and Robin Champagne. Having reviewed the two motions, the Court finds merit therein.

As previously noted, this diversity case was brought by Mississippi residents Gerald Champagne and his wife Robin against Sentry Select Insurance Company ("Sentry"), Crescent City Transportation and Warehousing, Inc. ("Crescent City") and James Mcgee ("Mcgee")for damages arising out of a three car collision which occurred in New Orleans on April 7, 2010. Plaintiffs contend that Gerald Champagne was rear-ended by a 1999 Freightliner driven by Mcgee for Crescent City which was insured by Sentry Select. The impact caused Champagne's car to rear-end Mignon Smith allegedly causing plaintiffs' injuries.

The Court will first address the **Motion in Limine to Exclude Evidence and/or Testimony with respect to Gerald Champagne having a valid driver's license (Doc. 24).** At the time of the accident, Mr. Champagne apparently did not have a valid driver's license and/or operator's license in effect at the time of the accident as required in the State of Mississippi of by statute in the State of Louisiana. By this motion, plaintiffs seek to exclude evidence concerning Champagne's failure to have a license. Defendants maintain that because Gerald Champagne's

credibility is at issue, his non-compliance with the law is relevant and probative to his claims.

Specifically, defendants contend that this evidence is relevant because:

> he has undergone two surgical procedures (neck and low back, boh performed by K.E. Vogel, M.D.), claims significant general damages in consequence of this minor accident and asserts significant economic damages.  He claims undocumented past lost wages, based upon a post-accident memorandum dated 6/1/10, which has not been produce, in the sum of $33,0000 gross earnings before the deduction of undocumented expenses.  Champagne also assert a future loss of earning capacity claim in the amount of $233,067.

(Doc. 28 at 5-6).   Thus, defendants maintain that Champagne's credibility and motivations in this lawsuit are at issue and his violation of laws enacted for his protection and his disregard thereof all reflect directly upon his credibility, veracity, motivation and believability. Furthermore, defendants maintain that his violation of La. Rev. Stat. 32:402 concerning possession of a valid driver's license is relevant.  Defendant provides no case law to support this conclusion; instead, defendants state:

> Is one who disregards the law applicable to all to be blindly believed by the fact-finder where the credibility and motivation of the particular claimant bears directly upon his or her general damage claims and the extent and impact of any claimed injuries in a low speed accident.  In particular, should violation of the law be considered by the fact-finder in the context of whether Champagne has or will encounter the significant economic damages claimed in this case?  Doesn't Champagne's operation of a motor vehicle involve dishonesty, or indifference, with respect to a violation of a law for the protection of the common good?

So, in reality, defendants seem to adduce this evidence to prove the character of plaintiff–which is specifically prohibited under Fed. R. Evid. 404(b).  Such evidence of other crimes, wrongs or acts "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."  The fact that someone does not have a driver's license is not indicative of any of those itemized exceptions.

Indeed, the sole purpose for such evidence as described by defendants themselves is to show that at least in the defendants' perspective, Mr. Champagne is predisposed to be dishonest.

Rule 403 of the Federal Rules of Evidence provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence.

Fed. R. Evid. 403.  Clearly, even if such evidence were relevant with regard to Champagne's credibility regarding the nature and extent of his claimed injuries, when measured under Fed. R. Evid. 403, such evidence must be excluded.  Accordingly,

**IT IS ORDERED** that Motion in Limine to Exclude Evidence and/or Testimony with respect to Gerald Champagne having a valid driver's license (Doc. 24) is **GRANTED**.

As to the **Motion in Limine to Exclude Evidence and/or Testimony with respect to Gerald Champagne's criminal record (Doc. 32)**, Champagne seeks to exclude evidence of the following crimes with which he was charged:

(1) grand larceny in Mississippi on December 30, 1996 and pled guilty receiving five years probation on April 14, 1997;

(2) breaking into a van in Mississippi around 1986 and pled guilty; and

(3) marijuana possession around 1999 and pled no contest.

Defendants contend that these crimes demonstrate dishonesty and moral turpitude.  Indeed, it appears that because of Mr. Champagne's economic claims for which his past earnings are not documented, defendants maintain that this evidence is admissible to challenge Champagne's own testimony based on his past criminal acts to challenge his truthfulness, credibility and veracity in this matter.

3

Rule 609 of the Federal Rules of Evidence which allows impeachment of the character for truthfulness of a witness by evidence of conviction of a crime specifically provides in subsection (b) that evidence of a conviction under Rule 609 is:

> not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines in the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect.

Fed. R. Evid. 609(b). In commenting on this rule, Judge Vance wrote in *McIntyre v. Bud's Boat Rental*, 2003 WL 22174236 (E.D.La. Sept. 9, 2003):

> The Fifth Circuit has read Rule 609(b) to mean that "the probative value of a conviction more than 10 years old is by definition outweighed by its prejudicial effect." *United States v.. Hamilton,* 48 F.3d 149, 154 (5th Cir.1995). For convictions older than 10 years, the general rule is inadmissibility. *See id.* (citing *United States v. Estes,* 994 F.2d 147, 149 (5th Cir.1993)). Convictions should be admitted under Rule 609(b) "very rarely and only in exceptional circumstances." *Zinman v. Black & Decker (U.S.), Inc.,* 983 F.2d 431, 434 (2d Cir.1993) (quoting congressional report). Bud's Boat Rental advances no specific facts and circumstances surrounding these convictions that indicate that their probative value substantially outweighs their prejudicial effect. The Court finds no reason to deviate from the general rule regarding inadmissibility of evidence of convictions greater than 10 years old. The Court therefore denies defendant's motion to admit evidence of McIntyre's simple burglary and shoplifting convictions.

*Id.* at *3. No facts or circumstances other than defendants' contention that Champagne's economic claims are unfounded do not meet the requirements to overcome the prejudicial nature of the admission of this evidence. Accordingly,

**IT IS ORDERED** that plaintiffs' Motion in Limine to Exclude Evidence and/or Testimony with respect to Gerald Champagne's criminal record (Doc. 32) is **GRANTED**.

New Orleans, Louisiana, this 2nd day of September, 2011.

                                           **STANWOOD R. DUVAL, JR.**
                              **UNITED STATES DISTRICT COURT JUDGE**